United States Bankruptcy Court
Eastern District of Pennsylvania

In re:    Case No. 16-16269-amc
Evelyn Rivera    Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: Stacey      Page 1 of 1      Date Rcvd: Mar 20, 2017
                           Form ID: pdf900      Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2017.
db             +Evelyn Rivera,   10814 Modena Ter,   Philadelphia, PA 19154-3920

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 21 2017 01:41:56      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                                              TOTAL: 1

        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             John Lynch
                                                                                                       TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 22, 2017                                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 20, 2017 at the address(es) listed below:
        CELINE P. DERKRIKORIAN     on behalf of Creditor    Bayview Loan Servicing, LLC, A Delaware Limited
         Liability Company ecfmail@mwc-law.com
        GARY F. SEITZ    gseitz@gsbblaw.com,    gfs@trustesolutions.net;hsmith@gsbblaw.com
        GARY F. SEITZ    on behalf of Trustee GARY F. SEITZ gseitz@gsbblaw.com,
         gfs@trustesolutions.net;hsmith@gsbblaw.com
        JENNIFER   SCHULTZ    on behalf of Defendant Evelyn  Rivera jschultz@clsphila.org
        JENNIFER   SCHULTZ    on behalf of Debtor Evelyn  Rivera jschultz@clsphila.org
        KEVIN G. MCDONALD    on behalf of Defendant    BANK OF AMERICA KMcDonald@blankrome.com
        KEVIN G. MCDONALD    on behalf of Defendant    Bayshore Loan Servicing KMcDonald@blankrome.com
        THOMAS I. PULEO    on behalf of Defendant    KML Group, Inc. tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                      TOTAL: 9

16-16269

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE EVELYN RIVERA

: CIVIL ACTION
:
:
FILED MAR 1 6 2017
:
: NO. 17-cv-0408

ORDER

AND NOW, this 16th day of March 2017, it is hereby ORDERED that Appellant's Motion to Consolidate is DENIED as moot. (Doc. No. 2). The two other cases with which Appellant seeks to consolidate have both been dismissed for lack of jurisdiction.

However, contrary to Appellee's assertion, it appears from the record that the instant appeal was timely filed, and therefore, the Court has jurisdiction. "An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'" In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011)(citing 28 U.S.C. § 158(c)(2)). Rule 8002 states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after *entry* of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1) (emphasis added).

In this case, the Bankruptcy Court's order avoiding the judicial lien against debtor's property was entered on the docket on January 5, 2017, and the Appellant's notice of appeal was filed on January 25, 2017. (Doc. No. 1). Nevertheless, in a filing to this Court, pro se Appellant indicates that he was arrested on or about November 28, 2016, and has since been incarcerated. (Doc. No. 10). The fact that Appellant has been incarcerated is relevant as such status invokes Rule 8002(c)(1), which states that "if an inmate confined in an institution files a notice of appeal

ENTERED
MAR 1 6 2017
CLERK OF COURT

1

from a judgment, order, or decree of a bankruptcy court, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. Bankr. P. 8002(c)(1). Despite the notice of appeal being filed on January 25, 2017, the record shows that Appellant's actual notice of appeal was dated January 18, 2017; the Court construes this date as the date in which the notice was placed in the institution's internal mail system. (Doc. No. 1). Therefore, the notice of appeal was deposited 13 days after the entering of the Bankruptcy Court's order on the docket; the appeal is timely.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.