IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: RIVERA | CIVIL ACTION NO. 17-408 |
|---|---|
|  | BANKRUPTCY NO. 16-16269 |

### ORDER

**AND NOW**, this 2nd day of July 2018, upon consideration of the attached Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated January 4, 2017, Brief of Appellant John J. Lynch (Doc. No. 1), Brief of Appellee-Debtor Evelyn Rivera (Doc. No. 19), and the record on appeal, it is **ORDERED** as follows:

1. The Clerk of Court shall docket the attached Order of the Bankruptcy Court dated January 4, 2017.

2. The attached Bankruptcy Court's Order dated January 4, 2017 and entered January 5, 2017 granting Debtor's Motion to Avoid Judicial Lien is **AFFIRMED**.[1]

3. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

[1] Before this Court is an appeal from an Order by the Bankruptcy Court of the Eastern District of Pennsylvania granting debtor Evelyn Rivera's Motion to Avoid a Judicial Lien against an interest in her property pursuant to 11 U.S.C. § 522(f)(1)(A) and 11 U.S.C. § 506.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 2014, Bank of America ("BoA") initiated foreclosure proceedings against Evelyn Rivera, foreclosing on her property located at 10814 Modena Terrace, Philadelphia, Pennsylvania 19154. (Doc. No. 19-2 at 29 ¶ 2.) On October 19, 2015, in a separate tort action, John J. Lynch obtained a default judgment against Rivera in the Philadelphia Court of Common Pleas for alleged injuries he sustained at his own property. (Doc. Nos. 19-1 at 13; 19-2 at 29 ¶ 3.) On September 7, 2016, Rivera filed a voluntary petition for relief under Chapter 7 bankruptcy proceedings. (Doc. No. 19 at 6.)

On September 12, 2016, Lynch filed an adversary Complaint in the Bankruptcy Court against Rivera, BoA, Bayview Loan Servicing, LLC ("Bayview"), and KML Group, Inc. ("KML"), pursuant to Federal Rules of Bankruptcy Procedure 7001(2), (3), (4), (6), and (9). (Id.) BoA had assigned its mortgage interest to Bayview and KML serves as the debt collector on behalf of Bayview. (Doc. Nos. 19-1 at 19; 19-2 at 30.). Lynch's Complaint sought to compel the defendants to produce insurance information relating to Rivera's property in order to satisfy Rivera's civil judgment owed to him from the tort action. (Doc. No. 19-2 at 9-13.) On December 1, 2015, the Bankruptcy Court dismissed the complaint against all defendants. (Doc. No. 19 at 7.) Lynch attempted to appeal the dismissal but his appeal was subsequently dismissed for lack of jurisdiction. (Id.)

On December 6, 2016, Rivera filed a Motion to Avoid the Judgment Lien held by Lynch on her property before the Bankruptcy Court. (Doc. No. 19-1 at 8-9.) In her Motion, Rivera explained that the Modena Terrace property was encumbered by a mortgage holding first lien position, which was eventually reduced to a judgment on June 29, 2015, in the amount of $193,872.46 in favor of Bayview. (Doc. No. 19-1 at 8-9.) She stated that the Modena Terrace property was valued at $182,000.00 and that Lynch's "judicial lien is "wholly unsecured, or in the alternative, impairs exceptions to which [Rivera] would be entitled to under 11 U.S.C. § 522(b)." (Id. at 9.) She avers that this is because Lynch's judgment lien was not obtained until October 19, 2015 and therefore it is subordinate to Bayview's mortgage lien. (Doc. No. 19 at 7.) Rivera supplemented her Motion with an appraisal of the Modena Terrace property, which confirmed the $182,000.00 value, and the judgment entered by the Philadelphia Court of Common Pleas on June 29, 2015, in the amount of $193,872.46 in favor of Bayview. (Id.)

On December 20, 2016, Lynch filed a response, claiming that his judicial lien "is not dischargeable . . . , when there is a willful or malicious injury [which] are the circumstances here in this matter." (Doc. No. 19-1 at 37-38.) On January 4, 2017, the Bankruptcy Court held a hearing on the Motion. (Doc. No. 19 at 7-8.) Upon consideration of the fact that Lynch's judicial lien was unsecured and subordinate to Bayview's mortgage lien, the Honorable Ashely M. Chan issued an Order granting Rivera's Motion, avoiding the judicial lien held by Lynch on Rivera's Modena Terrace property. (Doc. No. 19-1 at 8-9, 40.)

On January 30, 2017, Lynch appealed the Order and on August 10, 2017, he filed a supporting Brief, asserting that the judicial lien he held on Rivera's property was to satisfy a civil judgment resulting from her "reckless' action." (Doc. Nos. 1; 16 at ¶ 1.) He repeats arguments

previously made in his opposition to Rivera's Motion to Avoid Lien, arguing that "there is a clear obligation of [Rivera's] estate to produce the Homeowners insurance information" and that the "refusal to disclose the insurance information for recovery of the Tort Judgment constitutes deceitful and bad faith behavior before the courts which give rise to justification for a forfeiture of the priority lien position at sheriffs [sic] sale of the property which was listed in Writ of Execution two times by the appellant." (Doc. No. 16 at ¶¶ 2, 4.)

On August 25, 2017, Rivera filed a Brief in response, arguing that the Bankruptcy Court's Order should be affirmed and that Lynch's appeal should be dismissed for failure to create a record for the Court to review the appeal, pursuant to Bankruptcy Rule 8009(a). (Doc. No. 19.) Furthermore, she argues that Lynch fails to state any error in law or fact in the Bankruptcy Court's order. (Id.) On October 4, 2017, this instant appeal of the Bankruptcy Court order was transferred from the Honorable Legrome D. Davis to the Honorable Joel H. Slomsky. (Doc. No. 21.) The appeal is now ripe for disposition.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 158(a), a federal district court has appellate jurisdiction over final judgments, orders, and decrees of bankruptcy courts. Universal Minerals, Inc. v. C. A. Hughes & Co., 669 F.2d 98, 100-01 (3d Cir. 1981). "Typically, in civil litigation, a decision is only final if it leads to a court's complete disassociation from a case." In re Klass, --- F.3d ----, Nos. 15-3341 & 16-3482, 2017 WL 2367976, at *3 (3d Cir. June 1, 2017) (citing Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1691 (2015)). A district court "does not sit as a finder of facts . . . ." Universal Minerals, Inc., 669 F.2d at 101. Rather, the district court must "review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." In re Trans World Airlines, Inc., 145 F.3d 124, 131 (3d Cir. 1998).

Matters reviewed based on an allegation of a bankruptcy court's abuse of that discretion are considered to determine whether the "decision rests upon clearly erroneous findings of fact, an errant conclusion of law, or an improper application of law to fact." In Re SGL Carbon Corp., 200 F.3d 154, 159 (3d Cir. 1999) (quotations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

**ANALYSIS**

**The Bankruptcy Court's Order**
During the January 4, 2017 bankruptcy hearing, the Bankruptcy Court determined that although Lynch had a judicial lien on the property, he did not have any equity in the property. (Audio recording at 11:57:57-12:00:30, In re Rivera, Jan. 24, 2017.) Thus, the judge entered an order granting the Motion to Avoid Lynch's judicial lien.

11 U.S.C. § 522(f)(1) allows for the avoidance of judicial liens. In re Simonson, 758 F.2d 103, 106 (3d Cir. 1975); see also In re Menell, 37 F.3d 113, 115 (3d Cir. 1994). If a creditor's claim is not an allowed secured claim, then that creditor's lien will be avoidable. In re Swiatek, 231 B.R. 26 (Bankr. D. Del. 1999). Under 11 U.S.C. § 506, secured claims are limited "to the extent of the value of such creditor's interest . . . in such property." 11 U.S.C. § 506(a)(1).

With respect to Rivera's foreclosure proceedings, Bayview holds a first position mortgage lien in the amount of $193, 872.46. (Doc. No. 19 at 15.) Because the appraisal value of Rivera's property is only $182,000.00 and in light of the fact that Lynch obtained his judgment lien after Bayview's mortgage lien, Lynch's judgment lien is subordinate to Bayview's lien. Thus, the value of Rivera's property is fully encumbered by Bayview's mortgage lien interest and no interest remains to which Lynch's judicial lien can attach.

Therefore, the Bankruptcy Court correctly concluded that Lynch's judicial lien was unsecured and thus avoidable. Moreover, Lynch has not demonstrated that he can claim an equitable interest. Accordingly, the judgment lien is subject to avoidance. See Boring v. Promistar Bank, 312 B.R. 789, 796 (W.D. Pa. 2004) ("Thus, while the judgment creditor's claim may be valid, the lien itself is subject to avoidance if there is no equity in the debtor's property to which the lien may attach.")

**Lynch's Failure to Create a Record**

Rule 8009 of the Federal Rules of Bankruptcy Procedure requires that:

> The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Br. P. 8009(a)(1)(A).

Moreover, Bankruptcy Rule 8003(a)(2) provides that

> An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [bankruptcy appellate panel] to act as it considers appropriate, including dismissing the appeal.

Fed. R. Br. P. 8003(a)(2).

Here, Lynch has failed to timely designate and state the issues on appeal. His arguments do not relate to Rivera's Motion to Avoid Lien, but rather recycles arguments made before the adversary proceeding. The Court recognizes Lynch's pro se status and construes his filings liberally. However, none of Lynch's arguments directly address the avoidance of the judicial lien on Rivera's property.

4

Additionally, Lynch fails to provide any legal or factual error committed by the Bankruptcy Court in granting the Motion to Avoid Lien. As discussed, the Bankruptcy Court acknowledged that Lynch's judicial lien was wholly unsecured and thus he retained no equity in Rivera's foreclosed property. Lynch asserts that this was an error because Rivera's "reckless" action caused his injury and thus Rivera's estate has a "clear obligation" to provide him with homeowners insurance information so that he can recover his judgment from the tort action. (Doc. No. 16 at 5-6.) However, he does not provide any legal authorities for his propositions. Because Lynch possessed a judicial lien which was subordinate to Bayview's interest in Rivera's property which ultimately encumbered the property in full, the Bankruptcy Court properly avoided his judicial lien.

**CONCLUSION**

Accordingly, the Bankruptcy Court's Order granting the Motion to Avoid the Judicial Lien will be affirmed.