IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: RIVERA

CIVIL ACTION NO. 17-408

BANKRUPTCY NO. 16-16269

### ORDER

**AND NOW**, this 10th day of August 2018, upon consideration of Appellant John J. Lynch's Motion for Reconsideration (Doc. No. 25), Lynch's letter to the Court dated July 19, 2018 (Doc. No. 27), and a letter dated July 28, 2018 to Chambers from Lynch with supplements, it is **ORDERED** that the Motion for Reconsideration (Doc. No. 25) is **DENIED**.[1]  It is **FURTHER ORDERED** that the Clerk of Court docket the attached letter with supplements dated July 28, 2018 from John J. Lynch.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

[1] On July 18, 2018, Appellant John J. Lynch filed a Motion for Reconsideration of this Court's Order dated July 2, 2018. (Doc. No. 25.)  The Order affirmed the Bankruptcy Court's Order granting Debtor Evelyn Rivera's Motion to Avoid the Judicial Lien.  (Doc. No. 24.)  Apparently Lynch now supplements his Motion for Reconsideration with his filing dated July 28, 2018.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling

1

law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).

Neither Lynch's Motion for Reconsideration nor his supplemental filing contain any information that would warrant reconsideration under this three-part standard. He has not demonstrated an intervening change in controlling law, availability of new evidence, or an error of law or manifest justice.

In addition, on July 26, 2018, Lynch filed a Notice of Appeal to the Court of Appeals for the Third Circuit. (Doc. No. 26.) The Notice of Appeal vests jurisdiction over this case in the Court of Appeals.

For all these reasons, Lynch's Motion for Reconsideration (Doc. No. 25) will be denied.